UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BCS SOFTWARE, LLC,<br><br>        Plaintiff<br>v.<br><br>CODELATHE TECHNOLOGIES, INC.<br><br>        Defendant | Case No. 6:21-cv-0027-ADA<br><br>**CODELATHE'S RESPONSE TO MOTION TO WITHDRAW** |

**CODELATHE TECHNOLOGIES' RESPONSE TO COUNSELS' MOTION TO WITHDRAW**

By and through its undesigned counsel, Defendant CodeLathe Technologies, Inc., ("CodeLathe") hereby respectfully responds to counsels' Motion to Withdraw, D.I. 16 (hereafter "Motion").

Counsels' Motion is unfaithful to the facts.  CodeLathe does not oppose counsels' Motion so long as BCS Software files an amended complaint with the proper signatories.  CodeLathe has repeatedly explained its position to withdrawing counsel, Messrs. Garteiser and Fuller.  (Lamkin Decl., ¶5, Exh. A.)

The operative complaint was signed by Thomas Fasone as counsel at Garteiser Honea. *See* D.I. 1., at 39.  But Mr. Fasone is no longer at Garteiser Honea, as counsel admits.  Motion, D.I. 16, at 2.  Mr. Raymond Mort also signed the operative complaint, but Mr. Mort appears to be the General Counsel of BCS Software.  (Lamkin Decl., ¶6, Exh. B.)  Thus, the status of the current signatories could create complications given CodeLathe's potential Rule 11 motion,

1

discussed below.  *See* Fed.R.Civ.P 11(a), (c)(1).   As such, as CodeLathe has repeatedly explained to BCS Software, CodeLathe does not object to Messrs. Garteiser and Fuller withdrawing, as long as Messrs. Fasone and Mort file an amended complaint with the proper signature blocks.

Counsels' Motion proffers unprofessional and, notably, unsupported accusations.  Most striking, counsel makes the following accusation, "Codelathe's [*sic*] counsel suggested that unless Garteiser and Fuller first convince BCS Software to dismiss this case against defendant Codelathe [*sic*], it would oppose Garteiser's and Fuller's withdraw."  Motion, at 2.  It is telling that counsel offers no evidence in support of its accusation.  Indeed, the evidence runs to the contrary.  (Lamkin Decl., ¶5, Exh. A.)  In sum, given that no reasonable litigant would think the accused product infringes the asserted patent, CodeLathe asked its counsel to draft a Rule 11 letter.  *See* Answer, D.I. 10, pps. 6-18; (Lamkin Decl., Exh. A).  The undersigned counsel for CodeLathe, being loath to serve Rule 11 motions on colleagues, spoke with counsel for BCS Software telephonically, asking them to withdraw BCS Software's complaint, and explaining in detail CodeLathe's non-infringement evidence.  It was only after that conversation that Mr. Garteiser told the undersigned he wished to withdraw.  The undersigned responded that Mr. Garteiser and Mr. Fuller could withdraw if Messrs. Fasone and Mort filed an amended complaint with the proper signature blocks.  (Lamkin Decl., Exh. A)  And because CodeLathe believed that BCS Software would withdraw its lawsuit, the undersigned told Mr. Garteiser the entire issue of withdrawal might be moot.  (*Id*.)  Instead of waiting to see whether BCS Software would drop its complaint, and possibly out of concern that BCS Software might in fact not dismiss its improper complaint, withdrawing counsel rushed to file its Motion, and lobbed unfounded and unprofessional accusations in the process.

Again, CodeLathe does not oppose withdrawal as long as Messrs. Fasone and Mort file an amended complaint with the proper signature blocks.

Finally, the undersigned apologizes to the Court for its long recitation of the facts, but BCS Software's accusations were serious and needed to be addressed.

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin (*pro hac vice*)
LAMKIN IP DEFENSE
One Harbor Drive, Suite 300
Sausalito, CA 94965
RDL@LamkinIPDefense.com

## CERTIFICATE OF SERVICE

On this date, July 9, 2021, I did personally serve upon counsel for BCS Software the following documents by filing said documents with the Court's ECF system:

**CODELATHE TECHNOLOGIES' RESPONSE TO COUNSELS' MOTION TO WITHDRAW**

**LAMKIN DECL. ISO**

**EXHS A-B**

*Rachael D. Lamkin*
Rachael D. Lamkin

3