**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| BCS SOFTWARE, LLC, <br><br>　　　Plaintiff <br> v. <br><br> CODELATHE TECHNOLOGIES, INC. <br><br>　　　Defendant | Case No. 6:21-cv-0027-ADA |

**DEFENDANT'S OPPOSED MOTION TO MODIFY THE SCHEDULING ORDER**

By and through its undersigned counsel, Defendant CodeLathe Technologies, Inc., ("CodeLathe") hereby respectfully moves to modify the scheduling order. In sum, neither Party has proposed terms for construction, *i.e.,* both Parties believe the asserted claim terms can be understood according to their plain and ordinary meaning. As such, CodeLathe believes the *Markman* hearing currently scheduled for late September[1] can be taken off calendar and that the matter should proceed to discovery immediately.

Pursuant to Local Rule 7(g), the Parties conferred in writing as follows: on July 14, 2021, counsel for Defendant CodeLathe wrote to counsel for Plaintiff BCS Software, LLC ("BCS") and suggested that the Parties provide notice to the Court of the absence of any claim construction dispute so the Court could take the *Markman* hearing off calendar and issue an order initiating discovery. On July 21, 2021, Plaintiff responded, "the parties in the other related cases before Judge Albright thus far have indicated that they plan to submit disputed claim terms

---

[1] The parties proposed September 20, 2021, but to their knowledge no hearing has been definitively set by the Court.

for construction by the Court.  As such, we do not believe that the proposed schedule amendment is feasible given the potential impact of the Court's constructions of disputed claim terms of the '120 Patent on fact and expert discovery in this matter."  On today's date, CodeLathe again engaged in a meet and confer with BCS and stated its position that the Court should be given notice, the *Markman* hearing taken off calendar, and the matter should proceed to discovery.  BCS reiterated its opposition.

## I.     THE MATTER IS RIPE TO PROCEED TO DISCOVERY

CodeLathe is a small software company located in Austin, Texas.  CodeLathe demonstrably does not infringe the asserted '120 Patent.  *See* CodeLathe Non-Infringement Counterclaim Dkt. No. 21, at pps. 6-30.  In a telephonic meet and confer, CodeLathe's head of engineering explained its evidence of non-infringement to BCS.  CodeLathe has made its source code available to BCS to demonstrate non-infringement, and has offered to provide sworn declarations and evidence demonstrating non-infringement.  Yet, BCS will not dismiss its Complaint, nor begin discovery to confirm CodeLathe's representations of non-infringement and invalidity.

BCS claims that the purported claim construction disputes in the two other matters before this Court necessitate further delay in this matter, but in each of those two other cases BCS has taken the position that claim construction is not required.  *See* Case Nos. 6:21-cv-0051-ADA, at Dkt. No. 25, and 6:21-cv-0050-ADA, at Dkt. No. 28.

Here, BCS' opening claim construction brief was to be filed on August 6, 2021.  Defendant CodeLathe had expected that Plaintiff would provide notice to the Court of an absence of any claim construction dispute on that date, but BCS failed to do so.   As such, CodeLathe herein provides notice.

**II.     RELIEF REQUESTED**

In accordance with the attached proposed order, CodeLathe respectfully asks that this Honorable Court enter an order removing the *Markman* hearing and the remaining claim construction deadlines from the calendar, ordering fact discovery opened, and ordering the Parties to submit a new scheduling order within five (5) days.

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin (*pro hac vice*)
LAMKIN IP DEFENSE
One Harbor Drive, Suite 300
Sausalito, CA 94965
916.747.6091
RDL@LamkinIPDefense.com


/s/Michael C. Smith
Michael C. Smith
Scheef & Stone, LLP
Michael.Smith@solidcounsel.com
903.938.8900
113 East Austin Street,
Marshall, Texas 75670


Counsel for defendant

## CERTIFICATION OF SERVICE

On this date, August 13, 2021, I did personally serve the following document upon Plaintiff via the Court's ECF system

**DEFENDANT'S OPPOSED MOTION TO MODIFY THE SCHEDULING ORDER**

*Rachael D. Lamkin*
Rachael D. Lamkin (*pro hac vice*)
LAMKIN IP DEFENSE